UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

GUADALUPE LOPEZ.,

Plaintiff,

v.

CHARTER COMMUNICATIONS, INC., and DOES 1 through 50, inclusive,

Defendants.

Case No.: EDCV 19-00006-CJC (KKx)

ORDER DENYING MOTION TO REMAND [Dkt. 10]

## I. INTRODUCTION AND BACKGROUND

Plaintiff Guadalupe Lopez filed this disability discrimination and wrongful termination action against Defendant Charter Communications, Inc. ("Charter")[1] in San Bernardino County Court on August 3, 2018. (Dkt. 1 Ex. 1 [Complaint, hereinafter

---

[1] Plaintiff's Complaint also named Time Warner Cable Services LLC, TWC Administration LLC, Time Warner Cable Shared Services, and Time Warner NY Cable LLC as defendants. (*See* Compl.) These entities were dismissed on November 6, 2018. (Dkt. 1 [Notice of Removal] Ex. 3.)

-1-

"Compl."].) Plaintiff alleges that after she was injured on the job, Charter repeatedly failed to accommodate her work restrictions and ultimately terminated her employment on or around January 25, 2017. (*Id*. ¶¶ 14, 36–37.) Based on this conduct, she asserts five claims for various violations of California's Fair Employment and Housing Act ("FEHA"), one claim for wrongful termination in violation of public policy, and one claim for failure to provide an accurate wage statement under California Labor Code § 226(a). As relief, she seeks "general and special damages" arising under FEHA and the California Labor Code, including lost wages, lost benefits, emotional distress damages, attorneys' fees, and punitive damages. (*See id*. at 21 [Prayer for Relief] ¶¶ 1–16.) At no point does Plaintiff's Complaint specify the amount of damages she seeks. (*See generally id*.)

Plaintiff served Charter with the Complaint on September 26, 2018. (Dkt. 10-1 [Declaration of Kimberly Whang, hereinafter "Whang Decl."] ¶ 3; *id*. Ex. B.) Charter filed and served its Answer, as well as several discovery requests, on October 31, 2018. (Whang Decl. ¶ 5.) Plaintiff served her responses to those discovery requests on December 19, 2018. (*Id*.) In her responses, Plaintiff disclosed that the amount of damages she seeks far exceed $75,000. (*See generally* Dkt. 1 [Notice of Removal].) On January 2, 2019, ninety-eight days after service of the Complaint and two weeks after receiving Plaintiff's responses, Charter removed the case to this Court pursuant to diversity jurisdiction. (*See id*.; Whang Decl. ¶ 6.) Charter claimed that the removal was proper because it occurred within 30 days of its receipt of Plaintiff's discovery responses that disclosed the amount in controversy. (*See id*.)

Before the Court is Plaintiff's motion to remand the case back to state court. (Dkt. 10 [hereinafter "Mot."].) Plaintiff argues that Charter's removal was improper because it

did not occur within 30 days of service of the Complaint. For the following reasons, Plaintiff's motion is **DENIED**.[2]

## II. LEGAL STANDARD

A civil action brought in state court, but over which a federal court may exercise original jurisdiction, may be removed by the defendant to a federal district court. 28 U.S.C. § 1441(a). "A suit may be removed to federal court under 28 U.S.C. § 1441(a) only if it could have been brought there originally." *Sullivan v. First Affiliated Sec., Inc.,* 813 F.2d 1368, 1371 (9th Cir. 1987); *Infuturia Global Ltd. v. Sequus Pharm., Inc.,* 631 F.3d 1133, 1135 n. 1 (9th Cir. 2011) ("[A] federal court must have both removal and subject matter jurisdiction to hear a case removed from state court."). The burden of establishing subject matter jurisdiction falls on the defendant, and the removal statute is strictly construed against removal jurisdiction. *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

## III. ANALYSIS

Plaintiff does not dispute that diversity jurisdiction exists: the parties are diverse and the amount in controversy exceeds $75,000. (Mot. at 7.) Rather, Plaintiff contends that Charter's removal was untimely because the 30-day removal period began running on September 26, 2018, when Plaintiff served Charter with the Complaint. (*See generally id.*) According to Plaintiff, Charter could readily ascertain from the face of the Complaint that the amount in controversy exceeds $75,000.

---

[2] Having read and considered the papers presented by the parties, the Court finds this matter appropriate for disposition without a hearing. *See* Fed. R. Civ. P. 78; Local Rule 7-15. Accordingly, the hearing set for March 4, 2019, at 1:30 p.m. is hereby vacated and off calendar.

Untimely removal is a procedural defect that may defeat removal if properly raised by the party seeking remand. *Smith v. Mylan Inc.,* 761 F.3d 1042, 1045 (9th Cir. 2014). The time period to file a notice of removal is governed by 28 U.S.C. § 1446(b). Under § 1446(b), a defendant must remove an action within thirty days if the case stated by the initial pleading is "removable on its face." *Carvalho v. Equifax Info. Servs., LLC,* 629 F.3d 876, 885 (9th Cir. 2010). If the basis for removal is not apparent from the face of the complaint, a 30-day removal period is triggered upon receipt of a paper from which "it may first be ascertained that the case is one which is or has become removable." 28 U.S.C. § 1446(b)(3). A pleading need not identify a specific amount in controversy to trigger the 30-day removal period. *See Kroske v. U.S. Bank Corp.,* 432 F.3d 976, 980 (9th Cir. 2005); *Rodriguez v. Boeing Co.,* 2014 WL 3818108, at *5 (C.D. Cal. Aug. 1, 2014). Rather, "the time for removal commences when the defendant is able to intelligently ascertain that plaintiff's claim exceeds $75,000." *Rodriguez,* 2014 WL 3818108, at *4; *see also Mendoza v. Am. Airlines, Inc.*, 2010 WL 5376375, at *2 (C.D. Cal. Dec. 22, 2010) (same).

Charter asserts that the Complaint was too indeterminate for it to "intelligently ascertain" that Plaintiff's claimed damages exceed $75,000. According to Charter, it could not determine that the jurisdictional amount in controversy was met until it received Plaintiff's responses to discovery requests. The Court agrees. A defendant does not have a duty to inquire as to removability "if the initial pleading . . . is 'indeterminate with respect to removability." *See Roth v. CHA Hollywood Med. Ctr.*, 720 F.3d 1121, 1126 (9th Cir. 2013); *Kenny v. Wal-Mart Stores, Inc.*, 881 F.3d 786, 791 (9th Cir. 2018). Here, Plaintiff's Complaint seeks "general and special damages," which Plaintiff identifies as including lost wages and benefits, emotional distress damages, attorneys' fees, and punitive damages. While Plaintiff is not required to specify a dollar amount for any of her requested damages, Plaintiff's Complaint contains no information to put

Defendants on notice that the amount in controversy exceeds $75,000. *See Asrat v. CVS Pharmacy, Inc.*, 2017 WL 3461286, at *1–2 (C.D. Cal. Aug. 11, 2017).

Plaintiff claims that her status as a "long-time employee" of Charter should have allowed it to intelligently ascertain that her damages exceed the jurisdictional amount. But at the time of her alleged termination on January 25, 2017, Plaintiff's annual salary was $36,738. (Dkt. 11 [Charter's Opp'n] at 16.) Based on Plaintiff's own calculation, her lost wages amount to $39,564. (*Id.*) Plaintiff has not pointed to any circumstances or facts suggesting Charter could determine the amount of damages Plaintiff sought beyond those wages, let alone that they together exceed $75,000.

Further, the Ninth Circuit has repeatedly held that a defendant is not under any obligation to conduct an investigation to determine whether a plaintiff's case is removable. *See, e.g., Kuxhausen v. BMW Fin. Servs. NA LLC*, 707 F.3d 1136, 1139, 1141 (9th Cir. 2013) (holding that defendant is under no obligation to "supply information" which a plaintiff could have included or to otherwise investigate jurisdictional facts). Indeed, district courts routinely deny motions to remand in the employment context where a defendant would have to speculate regarding the amount in controversy. *See Asrat*, 2017 WL 3461286, at *1–2 (holding that plaintiff's complaint was "indeterminate" regarding the amount in controversy where it failed to contain any monetary figures); *Lyons v. Gideon Toal Mgmt. Serv.*, 2010 WL 11512224, at *1–4 (C.D. Cal. Apr. 12, 2010) (rejecting plaintiff's argument that the defendant "could have determined that the amount in controversy exceeded $75,000 simply by looking at the causes of action, and the relief requested"). Holding otherwise would engender pleading gamesmanship whereby plaintiffs disguise their damages to avoid removal to federal court. *See Harris v. Bankers Life & Cas. Co.*, 425 F.3d 689, 697 (9th Cir. 2005).

Because it is unclear from the face of Plaintiff's Complaint that diversity jurisdiction exists, the 30-day period for removal did not begin to run until Charter received Plaintiff's discovery responses on December 19, 2018. Given that Charter filed its notice of removal two weeks later on January 2, 2019, its removal was timely under 28 U.S.C. § 1446(b).

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion to remand is **DENIED**.

DATED: February 21, 2019

_____

CORMAC J. CARNEY

UNITED STATES DISTRICT JUDGE